UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI CIVIL DIVISION

Pamela L. Malone,

      Plaintiff,
v.                                                                 Case No.:

NCL (Bahamas), Ltd.,
A Foreign Corporation,

      Defendant.             /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Pamela L. Malone, sues Defendant, NCL (Bahamas), Ltd., for damages and alleges as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a citizen of Florida and was a passenger aboard the NORWEGIAN GETAWAY for a multi-day cruise in September of 2016.

2. Defendant, NCL (Bahamas), Ltd. (hereafter "NCL"), a foreign corporation, is doing continuous and systematic business in the Southern District of Florida by operating seagoing vessels in Florida. NCL's principal place of business is in Florida.

3. Defendant, NCL (Bahamas), Ltd., owned and operated the vessel NORWEGIAN GETAWAY. Defendant operated the vessel on a cruise from Miami, Florida, to various ports in the Gulf of Mexico, including Mexico and then back to Miami, Florida.

4. Admiralty and maritime jurisdiction is proper pursuant to 28 U.S.C. § 1333 as the causes of action asserted are maritime torts.

5. Venue is proper under 28 U.S.C. § 1391, and also due to the forum selection clause contained within the Defendant's cruise ticket.

## FACTS COMMON TO ALL COUNTS

6.  Plaintiff, Pamela L. Malone, was a passenger aboard the NORWEGIAN GETAWAY ("the vessel") September 26, 2016.

7.  On September 26, 2016, Plaintiff went to a restaurant called the Illusionarium. The plaintiff and her husband were seated in the restaurant and had begun to be served. Mrs. Malone decided that she did not want to see the show and they got up to leave. Mrs. Malone then tripped and fell on a unlit black ramp that went from the stage down to the floor between two rows of tables. The lighting was so dim that the black ramp was not visible. The ship's hotel director later acknowledged that the arrangement of the black ramp was a hazard to the passengers at the tables. In fact, the ship's hotel director said the restaurant was going to be closed until something was done to protect the patrons from this tripping hazard.

8.  Mrs. Malone did not know there was a black ramp in the area of the walkway next to her table. Plaintiff was not warned about the black ramp in the area of the walkway next to her table.

9.  The conditions were not open and obvious, because there was no crew member, equipment, signage, lighting or anything else in the area that would alert Plaintiff that the black ramp was directly in the walkway which was available for the passengers to use in the Illusionarium restaurant.

10.  As a result of Plaintiff's trip and fall over the black ramp, she fell and injured her wrists, hands, legs, mind and other parts of her body, all of which have required medical treatment, and will continue to require medical treatment in the future. In addition, the fall in the Illusionarium restaurant and resulting trauma and physical injury caused Plaintiff to have an incident which required her to be removed from the ship and be hospitalized in Mexico.

## COUNT I – NEGLIGENT FAILURE TO WARN
## PLAINTIFF OF A DANGEROUS CONDITION

Plaintiff incorporates paragraphs 6 – 11 and further alleges:

11. Defendant NCL owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety. This duty includes the duty to warn its passengers of dangers that it knew or should have known existed, and are not open and obvious to its passengers.

12. Prior to Plaintiff's injury, Defendant knew of the dangerous condition of the unlit and unmarked black ramp that was directly in the passengers' walkway in the Illusionarium restaurant tables located in dim lighting.

13. These conditions were not open and obvious to the plaintiff, because there was no crewmember, equipment, signage, lighting or anything else in the area that would alert Plaintiff that there was a black, unlit ramp directly in the dim walkway of the Illusionarium restaurant.

14. Defendant NCL was negligent in failing to warn Plaintiff of the dangerous condition. Defendant should have warned passengers dining in the Illusionarium restaurant that there was an unlit black ramp in the middle of the walkway near the dining tables.

15. As a direct and proximate result of the Defendant's negligent failure to warn of the dangerous condition, Plaintiff Pamela L. Malone suffered injuries to her wrists, hands, legs, mind other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Pamela L. Malone, prays for a judgment to be entered against the Defendant, NCL (Bahamas), Ltd., for compensatory damages in the amount of $200,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

### COUNT II – NEGLIGENT CREATION OF A DANGEROUS CONDITION

Plaintiff incorporates paragraphs 6 – 11 and further alleges:

16. Defendant NCL owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety. This duty includes the duty to avoid negligent creation of dangerous conditions aboard its vessel.

17. Defendant created the dangerous conditions that caused Plaintiff's injuries.

18. Defendant created the dangerous condition by causing or allowing an unlit, black ramp that went from the Illusionarium restaurant stage to impede the walkway in an area next to the passenger dining tables. There was no crewmember, equipment, signage, lighting or anything else in the area that would alert Plaintiff that there was a black, unlit ramp directly in the walkway of the Illusionarium restaurant tables.

19. Defendant NCL was negligent when it created the dangerous condition on its ship, which caused Plaintiff's injuries, through the following acts of omission and commission:

    a. Failing warn or notify passengers of the unlit black ramp in the Illusionarium restaurant;

    b. Failing to properly and fully illuminate the black ramp in the Illusionarium restaurant;

    c. Failing to have enough lighting in the restaurant for passengers to see an unlit, black ramp;

    d.    Placing an unlit, black ramp in the walkway where passengers would be expected to exit the restaurant;

    e.    Engaging in a negligent mode of operation that created the dangerous condition having caused Plaintiff's injuries;

    f.    Failure to maintain or have a crewmember present to caution and warn the patrons of the presence of the unlit black ramp that was in the walkway of the Illusionarium restaurant.

20.    As a direct and proximate result of the Defendant's negligence, Plaintiff Pamela L. Malone suffered injuries to her wrists, hands, legs, mind, and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses

WHEREFORE, Plaintiff, Pamela L. Malone, prays for a judgment to be entered against the Defendant, NCL (Bahamas), Ltd., for compensatory damages in the amount of $200,000.00, including prejudgment and post judgment interest and costs.  Plaintiff demands a trial by jury.

## COUNT III – NEGLIGENT FAILURE TO MAINTAIN THE VESSEL IN A REASONABLY SAFE CONDITION

Plaintiff incorporates paragraphs 6 – 11 and further alleges:

21.    Defendant NCL (Bahamas), Ltd. owed Plaintiff, as its passenger, the duty to act with reasonable care under the circumstances with regard to her safety.  This duty includes the duty to maintain its vessel in a reasonably safe condition for passenger use.

22. Prior to Plaintiff's injury, Defendant NCL knew or should have known that allowing an unlit, black ramp to be located in a dim walkway near the patrons' tables in the Illusionarium restaurant would create a dangerous tripping hazard, because a passenger walking in the dimly lit restaurant would not know of or see the unlit black ramp and would be unaware of it absent some affirmative warning.

23. Prior to Plaintiff's injury, Defendant NCL knew or should have known that the unlit black ramp to the stage would be a dangerous tripping hazard to passengers.

24. Defendant NCL was negligent in its maintenance of the vessel because:

   a. It failed to warn the passengers of the unlit black ramp;

   b. It failed to provide proper lighting in the area;

   c. It failed position the ramp in an area away from the patrons' tables so there was no tripping hazard; and

   d. It failed to illuminate the ramp so as to not be a tripping hazard.

25. As a direct and proximate result of the Defendant's negligence, Plaintiff Pamela L. Malone suffered injuries to wrists, hands, legs, mind and other parts of her body, resulting in pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life and expense of hospitalization, medical and nursing care and treatment, loss of earnings and loss of ability to earn money, and aggravation of a previously existing condition. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Plaintiff also lost the value of the cruise and incurred other incidental expenses.

WHEREFORE, Plaintiff, Pamela L. Malone, prays for a judgment to be entered against the Defendant, NCL (Bahamas), Ltd., for compensatory damages in the amount of $200,000.00, including prejudgment and post judgment interest and costs. Plaintiff demands a trial by jury.

Dated September 19, 2017.

/s/ Jacob J. Munch
JACOB J. MUNCH
E-mail: sealaw@tampabay.rr.com
Florida Bar Number 376523
CATHERINE M. SAYLOR
E-mail: casey@munchandmunch.com
Florida Bar Number 115593
MUNCH and MUNCH, P.A.
600 South Magnolia Avenue – Suite 325
Tampa, Florida 33606
Ph: (813) 254-1557 / Fax: (813) 254-5172
*Attorneys for Plaintiff, Malone*